UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
JACQUELINE LIONEL,
                          Plaintiff,

    -against-

TARGET CORPORATION a/k/a TARGET STORES.

                          Defendant.
---------------------------------------------------------------X

Docket No.12 CV 5390
(RJD)(RML)

REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

                        Connell Foley LLP
                        Attorneys for Target Corporation a/k/a
                        Target Stores
                        888 7th Avenue, 9th Floor
                        New York, New York 10106
                        (212) 307-3700

*Of Counsel*:
Michael J. Crowley

*On the Brief*:
Michael J. Crowley
James Figliozzi

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………….. ii

PRELIMINARY STATEMENT………………………………………………….… 1

LEGAL ARGUMENT…………………………………………………………….… 1

    POINT I

    PLAINTIFF HAS FAILED TO DEMONSTRATE THAT TARGET HAD
    ACTUAL NOTICE OF THE ALLEGED CONDITION…………………... 1

    POINT II

    PLAINTIFF HAS FAILED TO DEMONSTRATE THAT TARGET HAD
    CONSTRUCTIVE NOTICE OF THE ALLEGED CONDITION…………. 6

CONCLUSION………………………………………………………………….…... 10

## **TABLE OF AUTHORITIES**

### **CASES**

*Bluman v. Freeport Union Free Sch. Dist.*, 772 N.Y.S.2d 527 (2d Dept. 2004)...... 6

*Bradish v. Tank Tech Corp.*, 628 N.Y.S.2d 807 (2d Dept. 1995)....................... 4

*Brito v. Manhattan and Bronx Surface Transit Operating Auth.*, 590 N.Y.S.2d 450 (1st Dept.1992)................................................................................. 4,5

*Catanzano v. King Kullen*, 599 N.Y.S.2d 74 (2d Dept. 1993)......................... 10

*Gordon v. American Museum of Natural History*, 67 N.Y.2d 836 (1986).............. 6

*Ingersol v. Liberty Bank*, 278 N.Y. 1 (1938)................................................ 5

*Kelsey v. Port Authority*, 383 N.Y.S.2d 347 (1st Dept. 1976)........................... 9

*People v. Ford*, 66 N.Y.2d 428 (1985)....................................................... 2

*Resty v. Victory Markets*, 127 A.D.2d 987 (4th Dept. 1987)........................... 9, 10

*Rose v. Da ECID USA*, 686 N.Y.S.2d 19 (1st Dept. 1999)............................ 8, 9

*Thomas v. New York City Transit Auth.*, 599 N.Y.S.2d 127 (2d Dept. 1993)......... 2, 3, 6

## PRELIMINARY STATEMENT

Plaintiff's opposition to Target's motion for summary judgment is based purely on speculation. Plaintiff seeks to use alleged circumstantial evidence, and the proximity of Target employees to the incident area, to oppose Target's motion for summary judgment. In doing so, she conveniently ignores that there is no evidence in the record from which a fact finder could reasonably infer that Target was the source of the paper towels she claims were in the incident area at the time of her fall. Plaintiff also fails to present any evidence establishing how the lid came to be on the floor and how long the lid was on the floor prior to her fall. There is no evidence in the record indicating that Target had actual or constructive notice of the condition that allegedly caused Plaintiff's fall. Additionally, the case law cited by Plaintiff is largely non-controlling in this jurisdiction and is readily distinguishable from the instant matter upon examination of the facts. Summary judgment in Target's favor is appropriate in this matter.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO DEMONSTRATE THAT TARGET HAD ACTUAL NOTICE OF THE ALLEGED CONDITION

Plaintiff asserts that circumstantial evidence exists showing that Target had caused the lid to be on the floor and that Target had actual notice of the lid on the floor. (Memorandum of Law in Opposition at p. 7). In support of her contention, Plaintiff relies upon her own testimony that there were wet paper towels that appeared to have been used to wipe up a food item next to the lid. (Memorandum of Law in Opposition at p. 8). She also asserts that because the Guest Incident Report indicates that the alleged incident area was clean and dry, it logically follows that the floor was cleaned prior to her fall. (Memorandum of Law in Opposition at p. 8).

3052278-1

According to Plaintiff, this information, combined with Target's practice of having Team Members inspect and clean the floor, would lead a jury to believe that it is more likely than not that a Target employee cleaned a spill in the alleged incident area and left soiled paper towels and the lid behind. (Memorandum of Law in Opposition at pp.9-10). The alleged source of the paper towels, however, is pure speculation, which is not permitted when seeking to overcome a motion for summary judgment.

When considering circumstantial evidence, the trier of fact is not permitted to "leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree." *People v. Ford*, 66 N.Y.2d 428, 442 (1985). As explained in further detail by the Second Department:

> Cases grounded on wholly circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred. The law does not require the plaintiff's proof to exclude every other possible cause of the accident, other than the defendant's negligence. However, the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation.
> *Thomas v. New York City Transit Auth.*, 599 N.Y.S.2d 127, 128 (2d Dept. 1993).

In *Thomas*, the Second Department granted the New York City Transit Authority summary judgment in a case involving a plaintiff that was struck by a subway train. 599 N.Y.S.2d at 127. There were no eyewitnesses to the incident, and Plaintiff had no recollection of the events leading up to the incident. *Id.* Plaintiff's theory of liability was that he walked between cars of the train and fell on the tracks because safety chains were not properly in place. *Id.* The Court found that the evidence in the record was not sufficient to make out a prima facie case of negligence against the Transit Authority. *Id.* at 128. In finding that the evidence did not establish that the accident would have been prevented if the safety chain had been in place, the

2

Court noted that the plaintiff's accident may have been caused by another passenger or by the plaintiff's own actions, either of which would preclude a finding of liability against the defendant. *Id.*

Here, Plaintiff's allegations regarding Target's actions preceding the alleged incident are speculative, and she has failed to "render other possible causes sufficiently remote" to permit the Court to find in her favor based on logical inferences from the record. *Id.* Plaintiff has failed to point to any evidence in the record that would permit the Court to reasonably infer that Target was negligent and that this negligence caused Plaintiff to fall. *Id.* There is no evidence indicating that Target responded to a spill in the alleged incident area prior to Plaintiff's fall. Indeed, there is no evidence in the record indicating how the paper towels came to be on the floor. Incident reports make no mention of a previous spill in the area and do not note the presence of any soiled paper towels. (Exhibits D and H to Declaration in Support of Michael J. Crowley, Esq.). Plaintiff speculates that Target negligently cleaned a spill based on the presence of soiled paper towels near the lid that allegedly caused her fall (Plaintiff concedes the actual paper towel was not involved in her fall). Despite Plaintiff's appeal to "common sense," it is quite possible that a Target customer caused the paper towel to be on the floor, and there is no evidence at all that this material was used to clean up a spill. There is no evidence in the record to support a finding of negligence against Target, let alone to prove that such negligence caused the subject incident. *See Thomas,* 599 N.Y.S.2d at 128. In fact the only "evidence" that there ever was a spill to be cleaned is the plaintiff's own speculation. Plaintiff asks this Court to accept multiple speculations to support a finding of negligence. First, that it was Target which placed the paper towel on the floor and, second, that the reason for this somehow related to a "spill" clean-up.

3

Plaintiff does this all the while conceding that the only item which caused her fall was a lid from some type of food container, and not any food or liquid allegedly cleaned by the paper towel. Thus to find Target negligent the Court would be required to again accept speculation that this offending lid was related to the mystery spill previously cleaned by Target. Thus the entire foundation of plaintiff's claim against Target is impermissible speculation.

In a case similar to the instant matter, the plaintiff was injured when he slipped in a puddle of oil and fell on a concrete floor. *Bradish v. Tank Tech Corp.,* 628 N.Y.S.2d 807, 808 (2d Dept. 1995). Immediately prior to his fall, the plaintiff heard a clanking noise and saw a can with oil pouring out on the floor. *Id.* The plaintiff alleged that someone tripped on or pulled an extension cord causing a can of oil on a work bench to fall to the floor. *Id.* In confirming dismissal the Court noted that there was no evidence in the record that anyone tripped over or pulled on an extension cord or that any such action would have caused the cord to knock the oil can to the floor. *Id.* at 809.

The *Brito* case cited by Plaintiff is easily distinguishable as the record in that case included evidence that supported the reasonable inference that the defendant's negligence actually caused the incident. *Brito v. Manhattan and Bronx Surface Transit Operating Auth.,* 590 N.Y.S.2d 450, 451 (1st Dept. 1992). The plaintiff was found lying in a crosswalk severely injured immediately after a bus made a right turn into the crosswalk. *Id.* The record contained testimony of an individual who observed the bus make the turn then noticed the plaintiff lying in the crosswalk immediately after the bus passed. *Id.* The record also indicated that a bag of crushed groceries was found next to the plaintiff, and some produce was smeared in the direction of the bus with traces on the rear right tires of the bus. *Id.* Furthermore, the plaintiff was not able

to testify himself because he sustained severe brain damage in the accident, so he was not "bound to the same standards of proof required of an injured party who can do so." *Id.* at 452. The Court determined that plaintiff had successfully presented a prima facie case of negligence. *Id.* No similar evidence exists to aid Plaintiff in the instant matter.

*Ingersol v. Liberty Bank*, 278 N.Y. 1 (1938), another case cited by Plaintiff, is also clearly distinguishable from the case at hand. In *Ingersol*, the facts indicated several possible causes of injury. *Ingersol*, 278 N.Y. at 11. The plaintiff's husband fell down a set of stairs and died several months later. *Id.* at 8-9. The plaintiff contended that the decedent fell because of a defective tread on the stairs. *Id.* at 9. The defendant did not contend that the step was not broken, but instead maintained that the decedent fainted or suffered a heart attack while descending the stairs. *Id.* at 10. The defendant alleged that the tread broke when it was struck by the box the decedent was carrying. *Id.* The Court considered the defendant's explanation of the facts possible but "of remote probability" based on evidence in the record. *Id.* at 10-11. The Court determined that "the natural and reasonable inference" was that the decedent was descending the stairs when the tread broke, causing him to fall and the complaint, therefore, should not have been dismissed. *Id.* at 14-15.

In the instant matter, Plaintiff is not entitled to the lighter standard of proof of *Brito* and *Ingersol*, as she testified at deposition. Additionally, there is no evidence in the record to support Plaintiff's claims regarding the origin of the paper towels or the lid and, therefore, no evidence to support a finding of negligence against Target. While it is possible that a Target employee left the paper towels and lid on the floor after cleaning a spill, such an explanation is one of "remote probability" given the lack of evidence in the record. It is simply impossible to reach the

conclusion put forth by Plaintiff based on logical inferences drawn from evidence in the record. *See Thomas,* 599 N.Y.S.2d at 128.

## POINT II

### PLAINTIFF HAS FAILED TO DEMONSTRATE THAT TARGET HAD CONSTRUCTIVE NOTICE OF THE ALLEGED CONDITION

Plaintiff asserts that Target had constructive notice of the condition that allegedly caused her fall because Target employees regularly traverse the alleged incident area and the incident occurred in front of Target's Guest Service office, which is also near the food court. (p. 11 of Memorandum of Law in Opposition). Plaintiff offers several pieces of evidence that she maintains would permit a jury to reasonably infer that Target had constructive notice of the lid. (pp. 11-12 of Memorandum of Law in Opposition). However, none of the evidence presented by Plaintiff shows that the lid was on the floor for a sufficient length of time for Target to discover and remedy it. *See Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837 (1986). Instead, Plaintiff once again relies on impermissible speculation to support her allegations. *See Bluman v. Freeport Union Free Sch. Dist.*, 772 N.Y.S.2d 527 (2d Dept. 2004) (finding that mere speculation is insufficient to establish or support a finding that a condition was visible and apparent for a sufficient length of time to be discovered and remedied).

First and foremost, it is important to reiterate that Plaintiff does not know how the lid that allegedly caused her fall came to be on the floor or how long the lid was on the floor prior to the incident. (p. 32 of Exhibit E to the Declaration in Support of Michael J. Crowley, Esq.). Predictably, Plaintiff relies on improper speculation rather than evidence from the record in an attempt to defeat summary judgment.

Plaintiff asserts that the alleged spill could not have happened at the moment she arrived at the top of the escalator because no one else was in the incident area. (p. 12 of Memorandum of Law in Opposition). Plaintiff further asserts that the alleged food spill, including the lid that caused her fall, must have been on the floor for a long enough period of time to be remedied, as it would have taken time to retrieve a paper towel and clean the floor, as well as additional time for the floor to become completely dry as noted in the incident report. (pp. 12-13 of Memorandum of Law in Opposition). Plaintiff's conclusion that "we can certainly exclude the possibility that the item was on the floor merely moments before" the incident took place is unavailing as it relies -again- on pure speculation and fails to consider evidence in the record. (p. 12 of Memorandum of Law in Opposition).

The fact that Plaintiff did not notice anyone else in the incident area as she walked from the top of the escalator to the alleged incident area does not indicate that no one else was through the area minutes before Plaintiff's fall. The distance from the top of the escalator to the cart corral is approximately twenty (20) feet. (p. 19 of Exhibit E to the Declaration in Support of Michael J. Crowley, Esq.). The cart corral is at the entrance of the store. (p. 14 of Exhibit I to the Declaration in Support of Michael J. Crowley, Esq.). The amount of time it would take for an individual to walk from the escalator into to the store is therefore minimal, making it entirely possible that a customer entering the store mere moments (perhaps even less than one minute) before Plaintiff could have dropped the lid on the floor, entered the store, and been out of sight range before Plaintiff reached the top of the escacalator.

Plaintiff's testimony that she did not notice anyone in or around the incident area prior to her fall is also detrimental to her claim that Target should have been aware of the lid because of

7

3052278-1

the proximity of Target employees to the incident area. Target employees cannot be in or around every area of the store at all times. It is entirely possible that another customer deposited the lid on the floor mere moments before Plaintiff's fall. Plaintiff offers no evidence indicating that the lid was on the floor for any appreciable amount of time and instead seeks to place an unreasonable burden on Target through her allegations simply based on the location of the area at issue.

Plaintiff's assertions regarding the amount of time it would have taken to retrieve a paper towel and clean any alleged spill have no foundation in the record and rely on even more speculation. She offers a conclusory assumption that "it would not be speculation" that the lid was on a floor for a significant amount of time that it should have been remedied. The claim that a clean and dry floor establishes a period of time long enough to establish constructive notice is also speculation. There is no evidence in the record indicating that there was a spill in the incident area prior to Plaintiff's fall. Even if there was a spill, there is no evidence that Target had notice of (and therefore cleaned) the spill. A customer certainly could have cleaned and dried the floor following a small spill a short time before Plaintiff's fall. Attentively it also is entirely possible there never was a spill, no cleaning was done, and a customer dropped the offending lid and paper towel moments before plaintiff ascended the escalator.

The cases cited by Plaintiff in support of her contention that Target had constructive notice of the lid are distinguishable, as the record in each case includes evidence establishing a recognizable timeframe as to when the object that caused the fall came to be on the floor. In *Rose v. Da ECID USA*, 686 N.Y.S.2d 19 (1st Dept. 1999), the plaintiff fell in the bar area of a restaurant near closing time. *Rose*, 686 N.Y.S.2d at 20. In finding that there was sufficient

evidence to take the question of constructive notice to a jury, the Court noted that the record contained evidence showing that for a 15 minute time period prior to Plaintiff's slip and fall, no other patrons were through the incident area, but a bartender was cleaning up behind the bar and a waiter was walking back and forth in the bar area. *Id.* at 20-21. Nothing in the record here establishes that only Target employees were in or around the incident area prior to Plaintiff's fall.

In *Kelsey v. Port Authority*, the plaintiff noticed debris on two steps of a stairway 15 to 20 minutes before she slipped and fell. *Kelsey*, 383 N.Y.S.2d 347, 348(1st Dept. 1976). The Court determined that while the plaintiff could not specifically identify the cause of her fall, a jury could reasonably infer that the condition she noticed prior to her fall remained unchanged for 15 to 20 minutes and was the proximate cause of her fall. *Id.* Here, Plaintiff does not know how the lid came to be on the floor or how long the lid was on the floor prior to her incident. (p. 32 of Exhibit E to the Declaration in Support of Michael J. Crowley, Esq.). She also testified that the first time she saw the lid was after the incident. (p. 87 of Exhibit E to the Declaration in Support of Michael J. Crowley, Esq.). Despite the inability to state when or how the lid came to be on the floor, Plaintiff somehow finds it appropriate to assert that Target either failed to properly observe the lid or observed the lid without cleaning it. (p. 14 of Memorandum of Law in Opposition). While Plaintiff is correct in pointing out that Target's procedures require Team Members to identify and eliminate debris from the floor, Plaintiff's failure to provide any evidence indicating when and how the lid came to be on the floor prevents her from asserting that Target failed to properly observe the lid.

Given Plaintiff's inability to state how long the lid was on the floor prior to her fall, it is puzzling as to why she cites *Resty v. Victory Markets*, 127 A.D.2d 987 (4th Dept. 1987) in her

9

3052278-1

opposition brief. Nothing in the record here serves to create the plaintiff-beneficial timeframe existing in *Resty*. The evidence in *Resty* established that the plaintiff was on top of a freezer for 10 to 15 minutes, the water that caused her fall was not present when she had ascended the freezer, and that the area manager made regular rounds in the incident area, never being away for more than 10 minutes. 127 A.D.2d at 998. The *Catanzano* case, also cited by Plaintiff, is unavailing as the record there contained evidence of dried footprints and wheel marks surrounding the puddle that caused the plaintiff's fall, and there was no indication that any store employee had inspected the area in the four to five hours prior to the fall. *Catanzano v. King Kullen*, 599 N.Y.S.2d 74 (2d Dept. 1993). Here, all incident reports indicate the floor was clean and dry. (Exhibits D and H of Declaration in Support of Michael J. Crowley, Esq.). Target employees routinely monitor all areas of the store, including the alleged incident area. (p. 78 of Exhibit I to the Declaration in Support of Michael J. Crowley, Esq.). Nothing in the record indicates that Target failed to follow its own procedures by leaving the incident area unmonitored for several hours prior to Plaintiff's fall.

## CONCLUSION

Plaintiff has failed to present any evidence in the record indicating that Target created or had actual or constructive notice of a spill or the lid. Based upon the evidence in the record and the laws of the State of New York, Target's motion for summary judgment should be granted and Plaintiff's complaint should be dismissed in its entirety. Plaintiff cannot establish the requisite element of notice to Target of the alleged dangerous condition, and none of her rampant speculations raises an issue of fact requiring a trial.

Dated: New York, New York
January 10, 2014

**CONNELL FOLEY LLP**

_______________________________

**MICHAEL J. CROWLEY (MC 2821)**
**JAMES FIGLIOZZI (JF 1789)**
For the Firm
Attorneys for the Defendant
**TARGET CORPORATION**
888 Seventh Avenue, 9th Floor
New York, New York 10106
(212) 307-3700

**TO: KENNETH BORNSTEIN, ESQ.**
**BORNSTEIN & EMANUEL P.C.**
Attorneys for Plaintiff
200 Garden City Plaza, Suite 201
Garden City, New York 11530
(516) 227-3777

Docket No. 12 CV 5390 (RJD)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACQUELINE LIONEL,

                                                Plaintiff,

    -against-

TARGET CORPORATION. a/k/a TARGET STORES,

                                                Defendant.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

CONNELL FOLEY LLP
Attorneys for Defendant
TARGET CORPORATION
888 Seventh Avenue, 9th Floor
New York, New York 10106
Tel: (212) 307-3700
Fax: (212) 262-0050